[Docket Nos. 22, 29]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

JEANNE D. PALUMBO,
appearing *pro se*,

    Plaintiff,

v.

U.S. BANK, NAT'L ASSOCIATION,
as trustee for Citigroup Mortgage Loan
Trust, Inc., and OCWEN LOAN
SERVICING, LLC,

    Defendants.

Civ. No. 21-14154 (RMB/SAK)

**OPINION**

**APPEARANCES**
BLANK ROME, LLP
Edward W. Chang, Esq.
Jonathan F. Ball, Esq.
One Logan Square
130 N. 18th St.
Philadelphia, PA 19103

*On behalf of Defendants*

**BUMB, U.S. District Judge**

  This matter comes before the Court upon a Motion to Dismiss the Complaint by U.S. Bank, National Association ("U.S. Bank"), and Ocwen Loan Servicing, LLC (together, "Defendants"). [Docket No. 22.] Each of the thirteen (13) causes of action set forth in *pro se* Plaintiff Jeanne D. Palumbo's ("Plaintiff's" or "Palumbo's")

Complaint arises pursuant to the Truth in Lending Act ("TILA") 15 U.S.C § 1601 *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and certain implementing regulations that administer these two federal statutes. [Docket Nos. 1, 1-3 (together, "Complaint").] However, as set forth in greater detail below, Plaintiff's Complaint is barred by application of the *Rooker-Feldman* doctrine, New Jersey's entire controversy doctrine, and the related doctrines of issue and claim prelusion. Further, Plaintiff's Complaint fails to meet Rule 9(b)'s heightened pleading standard for fraud claims, and Plaintiff's claims under both TILA and RESPA are time barred. Accordingly, Defendants' Motion to Dismiss the Complaint [Docket No. 22] shall be granted by the Court with prejudice.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff asserts that her mortgage was fraudulently assigned to Defendants and challenges the legitimacy of the resulting foreclosure action brought against her in state court, arguing that Defendants lacked the proper legal standing to bring the foreclosure action against her in the first instance. [Docket No. 1-3 ¶¶ 9–29.] More specifically, Plaintiff contends that Defendants "engaged in fraud and due process violations, misrepresented facts, and fail[ed] to have legal capacity to sue prior to the commencement of the foreclosure action against Plaintiff." [Docket No. 1, at 7.] The relief Palumbo seeks is for "compensatory and punitive damages in the sum of 2.5 Million based upon the illegality of the foreclosure and subsequent illegal eviction." [Docket No. 1-3 ¶ 27.]

A.  **The State Court Foreclosure Action and Resulting Sheriff's Sale of Plaintiff's Real Property**

This is not the first time Palumbo has raised these same legal arguments against Defendants. In December 2008, Palumbo initially defaulted on her mortgage payment obligations for real property located at 106 Saint Regis Drive, West Deptford, New Jersey. [Docket No. 22-2 ("Defendants' Brief"), at 3 (citing Defendants' Brief, Ex. 2 at ¶¶ 8, 10).] On August 27, 2014, Defendant U.S. Bank commenced an action in New Jersey Superior Court, Gloucester County (Chancery Division) to foreclose on the mortgage encumbering such real property. [*Id.*, Ex. 1.] As part of her defense in the state court foreclosure action, Palumbo made the same general "fraud" argument that she makes in her Complaint—that U.S. Bank lacked standing to bring the foreclosure action because it fraudulently obtained her mortgage by assignment—an argument the state trial court ultimately rejected. [*Id.*, Ex. 3.]

The New Jersey Superior Court, Gloucester County (Chancery Division) entered a Final Judgment [*Id.*, Ex. 4] and Writ of Execution [*Id.*, Ex. 5] in the underlying foreclosure action in favor of U.S. Bank. Plaintiff then filed a Motion to Reconsider, but her motion was denied on April 30, 2019. [*Id.*, Ex. 6.] The state trial court also denied Plaintiff's Motion to Stay the Sheriff's Sale of the Property. [*Id.*, Ex. 7.] The sheriff's sale of the property was completed on November 27, 2019, with U.S. Bank purchasing the property [*Id.*, Ex. 8], and on January 10, 2020, a Writ of Possession was issued in U.S. Bank's favor [*Id.*, Ex. 9]. In response to the scheduled

eviction, Plaintiff filed two additional motions with the state trial court seeking a stay of the eviction, both of which were also denied. [*Id.*, Exs. 10, 11.] Plaintiff's eviction from the property was completed February 20, 2020. [*Id.*, Ex. 12.]

### B. The Dismissal of Plaintiff's State Court Appeal

Plaintiff filed a Notice of Appeal to the Superior Court of New Jersey, Appellate Division ("Appellate Division"), on or about April 13, 2020. [*Id.*, Ex. 13.] Plaintiff sent another filing also labeled "Notice of Appeal" to the Appellate Division on or about May 5, 2020. [*Id.*, Ex. 14.] Both Notices of Appeal sought appellate review of the Final Judgment of foreclosure entered by the New Jersey Superior Court, Gloucester County (Chancery Division).

By Order filed July 10, 2020, the Appellate Division granted, in part, U.S. Bank's Motion to Dismiss the Appeal. [*Id.*, Ex. 15.] In that order, the Appellate Division expressed the following:

> The appeal shall be limited to the trial court's February 28, 2020 order. Within ten days after the date of this order, [Palumbo] shall file an amended notice of appeal, stating that she is appealing from the February 28, 2020 order. The Clerk is directed to dismiss the appeal if the amended notice of appeal is not filed within the time required by this order.

[*Id.* at 2.] Plaintiff failed to file an amended notice of appeal within ten (10) days as required, and on July 29, 2020, the Appellate Division dismissed Plaintiff's appeal for failure to prosecute. [*Id.*, Ex. 16.]

On or around September 4, 2020, Plaintiff filed an additional motion requesting that the Appellate Division vacate the dismissal of her appeal. [*Id.*, Ex.

4

17.] The Appellate Division denied Ms. Palumbo's request to vacate the dismissal of her appeal on October 8, 2020. [*Id.*, Ex. 18.] Following the dismissal of Plaintiff's appeal, the real property was sold to third-party Christopher Conover from U.S. Bank for $159,000, on August 25, 2020. [*Id.*, Ex. 19.]

Six months later, on February 13, 2021, Plaintiff filed several different post-appeal motions in the New Jersey Superior Court, Gloucester County (Chancery Division), including motions to aside the foreclosure judgment, for summary judgment, and for sanctions. [*Id.*, Ex. 20.] On April 16, 2021, the state trial court denied each of Plaintiff's subsequent motions. [*Id.*, Ex. 21.]

C. **Plaintiff's Federal Court Complaint**

On July 26, 2021, Plaintiff initiated the present action upon filing the Complaint in federal court, asserting the following causes of action: Unfair Trade Practices Involving Non-Compliance, 15 U.S.C. § 1601 (Count 1); Disclosure Violation, 15 U.S.C. § 1635 (Count 2); Missing Statements Violation, 15 U.S.C. § 1635 (Count 3); Missing Disclosure Statements Violation, 15 U.S.C. § 1638 (Count 4); Right to Rescind Violation, 12 C.F.R. § 226 (Count 5); Deceptive Grouping Violation, 12 C.F.R. § 226 (Count 6); No Good Faith Estimate Violations, 12 C.F.R. § 226 (Count 7); Failure to Disclose Calculation of Mortgage Balance, 12 C.F.R. § 226.4 (Count 8); Inflation of Acceleration Fees in Violation of 12 U.S.C. § 2610 (Count 9); Failure to Give Three-Day Cooling Period, 12 U.S.C. § 2610 (Count 10); Failure to Give Proper Notice of Default and Right to Cure and Acceleration Notice, 12 U.S.C. § 2601 & 15 U.S.C. § 1601 (Count 11); Failure to Give Conspicuous

Writings, 15 U.S.C. § 1601 (Count 12); and Failure to Disclose Interest Rate, Regulation Z, Part 226.4 (Count 13).

At the time she filed the Complaint, Plaintiff also filed an application with the Court to proceed forma pauperis ("IFP"). [Docket No. 1-2.] On August 5, 2021, this Court entered an Order denying Plaintiff's IFP application because the Court "was unable to conclude that [she] completed her IFP Application in good faith." [Docket No. 4, at 3.] For example, on her IFP application, Plaintiff claimed that her spouse's most recent employer was "COVID-19," but also that she purportedly "receives $0.00 from sources such as welfare, disability, or unemployment benefits." [*Id.*] Even more, in denying Plaintiff's IFP application and administratively terminating this action until the deficiencies identified therein could be corrected by Plaintiff, this Court noted that "it appears Plaintiff has failed to state a claim upon which relief may be granted and that the Court should abstain from this matter given state related claims." [*Id.*] Nevertheless, Plaintiff paid the filing fees, and the Court reopened the case. [Docket No. 10.]

## II.   LEGAL STANDARD

When considering a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). It is well-settled that a pleading is sufficient if it contains "a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957); then citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994); and then citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

> To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (alterations in original) (citations omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 675, 679 (2009)).

Generally, a court may "consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). However, it is well-established that courts are permitted to "take judicial notice of the contents of

7

another court's docket." *West v. Ortiz*, Civ. No. 16-8701, 2018 WL 2165324, at *2 (D.N.J. May 10, 2018), *aff'd sub nom.*, *West v. Warden Fort Dix FCI*, 740 F. App'x 237 (3d Cir. 2018) (citing *Orabi v. Attorney Gen. of the U.S.*, 738 F.3d 535, 537 (3d Cir. 2014)). Thus, in deciding the present motion to dismiss, the Court is permitted to judicial notice of and consider the numerous docketed matters from the state court foreclosure proceedings and the appeal that followed in state court, which have been appended to Defendants' supporting brief as exhibits.

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Twombly*, 550 U.S. at 563 n.8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *see also Iqbal*, 556 U.S. at 684 ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("*Iqbal* . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly*."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Malleus*, 641 F.3d at 563 (quoting *Twombly*, 550 U.S. at 570).

### III. ANALYSIS

As an initial matter, the Court will grant Defendants' Motion to Strike Plaintiff's Sur-Reply Brief. [Docket No. 29.] In the District of New Jersey, a sur-reply can be filed only with leave of the Court and at the Court's discretion. L. Civ. R.

7.1(d)(6). A sur-reply brief may be permitted by the Court to respond to new arguments raised for the first time in a reply brief. *See Smithkline Beecham PLC v. Teva Pharm. U.S., Inc.*, Civ. A. Nos. 04-0215, 55, 2007 WL 1827208, at *1 (D.N.J. June 22, 2007); *see also Raube v. X–L Specialized Trailers, Inc.*, Civ. No. 06-4628(NLH), 2008 WL 11384153, at *5 n. 6 (D.N.J. Apr. 10, 2008) (internal citation omitted).

Here, Plaintiff filed her sur-reply without first seeking leave from the Court. Further, the Court finds that the arguments raised in Plaintiff's sur-reply are not in response to any new arguments raised for the first time in Defendants' Reply Brief [Docket No. 27]. Accordingly, the motion shall be denied. The Court now considers the arguments raised in the parties' other briefs with respect to Defendants' pending Motion to Dismiss the Complaint.

    A.    **The *Rooker-Feldman* Doctrine Bars Plaintiff's Complaint.**

The *Rooker-Feldman* doctrine prohibits federal courts from acting as appellate courts for the final verdicts of state-courts. Application of the *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine takes effect when, in order to grant the relief sought by the plaintiff, a federal court must review and overturn the judgment of a state court(s). *See In Re Madera*, 586 F.3d 228, 232 (3d Cir. 2009). Four factors must be present to deprive this Court of jurisdiction

9

under the *Rooker-Feldman* doctrine: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complains of injuries caused by the state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject state judgments." *Great W. Mining and Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (quoting *Exxon Mobil Corp.*, 544 U.S. at 284).

The Court finds that each of the four factors are present to deprive it of jurisdiction under *Rooker-Feldman*. First, Plaintiff undeniably lost in state court when the New Jersey Superior Court, Gloucester County (Chancery Division) entered Final Judgment in favor of U.S. Bank in the foreclosure action [Defendants' Brief, Ex. 4], and also when the Appellate Division dismissed Plaintiff's appeal of that Final Judgment. [*Id.*, Exs. 15, 16.] Regarding the second factor, Plaintiff clarified in her Complaint that the claims she is now pursuing are based on injuries previously caused by the state court foreclosure action and her resulting eviction from the real property "since the injury still has an effect on Plaintiff." [Docket No. 1, at 8.] Even though Plaintiff is invoking her claims as arising out of newly pled federal statutes, the Court finds that each of Plaintiff's claims ultimately seek redress for injuries ultimately caused by the alleged wrongful judgments of the state courts in the underlying state court foreclosure action and the appeal that followed.

As to the third factor under *Rooker-Feldman*, the Court finds that the applicable state court judgments were rendered before this federal suit was filed. Plaintiff's most recent state court motions—to set aside the judgment, for summary judgment, and to

10

impose sanctions filed after the Appellate Division dismissed the appeal—were all denied on April 23, 2021. [*Id.*, Ex. 21.] Plaintiff did not file this action in federal court until July 26, 2021. [Docket No. 1.] Finally, as to the fourth *Rooker-Feldman* factor, the Court finds that Plaintiff is effectively inviting it to review and reverse the final judgments of the New Jersey courts. Under New Jersey law, "[a] state foreclosure judgment necessarily decide[s] . . . the following essential elements: the validity of the note and mortgage; the alleged default; and [the] [d]efendants' right to foreclose (which would include its standing by assignment or otherwise)." *Ezekwo v. Caliber Home Loans, Inc.*, Civ. No. 20-16187 (SDW/LDW), 2021 U.S. Dist. LEXIS 109677, at *8 (D.N.J. June 11, 2021) (citing *Sheldrick v. Wells Fargo Bank*, N.A., Civ. No. 16-2797, 2016 WL 732547, at *6 (D.N.J. Dec. 16, 2016) (finding *pro se* plaintiff's claims of fraud and unfair deceptive practice to be "inextricably intertwined" with the foreclosure action)). Here, Plaintiff has surreptitiously pled claims that are ultimately an appeal from the final decisions of the New Jersey state courts that determined the validity of the underlying note and mortgage.

      The Court rejects Plaintiff's attempts to relitigate state court proceedings in federal court, including the state court foreclosure proceedings, resulting eviction and sheriff's sale of the real property, or Plaintiff's unsuccessful appeal to the Appellate Division. Plaintiff is essentially misappropriating federal court jurisdiction in an attempt to have her claims re-litigated in federal court *de novo*. However, her appeal lies with the New Jersey Courts, and ultimately, the United States Supreme Court. The type of federal court review Plaintiff seeks is exactly what the *Rooker-Feldman*

doctrine prohibits, and application of the *Rooker-Feldman* doctrine bars Plaintiff's Complaint.

> **B. New Jersey's Entire Controversy Doctrine Bars Plaintiff's Complaint, as well as the Related Doctrines of Issue and Claim Prelusion.**

Plaintiff's claims are further barred by New Jersey's entire controversy doctrine and the related doctrines of issue and claim preclusion.

> The entire controversy doctrine is a rule of mandatory joinder, which gives rise to a species of claim preclusion unknown outside New Jersey. The doctrine requires the joinder of all claims and parties, whenever possible, in a single action and frequently operates in unpredictable ways to bar subsequent actions by parties who have failed to observe the doctrine in a prior litigation.

*Hulmes v. Honda Motor Co.*, 924 F. Supp. 673, 676 (D.N.J. May 10, 1996). Applying New Jersey's entire controversy doctrine, the Court agrees with Defendants that any argument regarding the validity of Plaintiff's mortgage, including the alleged fraudulent assignment of her mortgage to U.S. Bank, must have been raised in the prior state court foreclosure proceedings and are now barred. Indeed, Plaintiff already made these same generic "fraud" arguments in the state court foreclosure proceedings, and she was not successful. [Defendants' Brief, Ex. 3.] The Court finds that Plaintiff's fraud theories—the overarching factual support for each of her claims in her Complaint—were always germane to the state court foreclosure action and not this subsequent federal court action; Plaintiff's claims recasting these same fraud theories are barred under New Jersey's entire controversy doctrine.

The concepts of issue and claim preclusion are related, but "they separately govern the preclusive effects of former adjudication." *M & M Stone Co. v.*

*Pennsylvania*, 388 F. App'x 156, 161 (3d Cir. 2010). While "[i]ssue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided," claim preclusion, on the other hand, "refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." *Id.* The Third Circuit has held that "[i]n determining the preclusive effect of a state court judgment, we apply the rendering state's law of issue preclusion." *M & M Stone Co.*, 388 F. App'x at 161. Under New Jersey law, issue preclusion is established if these elements are met:

> (1) the issue is identical; (2) the issue was actually litigated in a prior proceeding; (3) the prior court issued a final judgment on the merits; (4) determination of the issue was essential to the prior judgment; and (5) the party opposing preclusion was either a party to, or in privity with a party to, the earlier proceeding.

*McCluskey v. Waste Mgmt.*, 794 F. App'x 181, 183 (3d Cir. 2019).

    The Court is satisfied that all five elements are present here. First, the ultimate issue in this matter (*i.e.,* the validity of Plaintiff's mortgage and the resulting default of that mortgage) is the same issue previously adjudicated in state court. In the prior state court proceedings, Plaintiff also contested Defendants' legal standing to bring foreclosure proceedings against her in the first instance, alleging instead that Defendants had defrauded Plaintiff out of her mortgage. Thus, the state court had to resolve this "validity issue," such that the issue was actually litigated and rejected by the state courts. [Defendants' Brief, Ex. 3.] Third, the New Jersey Superior Court, Gloucester County (Chancery Division) entered a Final Judgment on the merits in

the foreclosure action. [Defendants' Brief, Ex. 4.] The Court is also satisfied that the validity of Plaintiff's mortgage and the potential for fraudulent assignment of Plaintiff's mortgage to Defendants is an essential issue that had to be resolved by the state court prior to entering Final Judgment in the foreclosure proceedings in Defendants' favor. Plaintiff was also a party to these earlier proceedings.

Even if newly disguised as claims arising pursuant to lengthy federal statutes that broadly govern consumer information rights, Plaintiff's Complaint ultimately raises claims that are duplicative of the fraud claims that were rejected in state court. New Jersey's entire controversy doctrine bars Plaintiff from having another bite at the apple to set forth her claims and defenses to the foreclosure action. Those legal claims and issues have already been fully adjudicated.

### C. Plaintiff's Complaint Fails to Meet Rule 9(b)'s Heightened Pleading Standard for Fraud Claims.

Rule 9(b) requires that a Plaintiff "alleging fraud or mistake, must state with particularity the circumstances constituting fraud or mistake." Fed. Rule Civ. Proc. 9(b). This heightened pleading standard required by Rule 9(b) "gives defendants notice of the claims against them, provides an increased measure of protection for their reputations, and reduces the number of frivolous suits brought solely to extract settlements." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997). Thus, Rule 9(b) forces a plaintiff to state what any alleged unreasonable fraudulent practices were with particularity, including when and how they were used. *Id.*

The Court incorporates its previous finding that "Plaintiff has failed to state a claim upon which relief may be granted." [Docket No. 4, at 3.] The Court agrees that Plaintiff's broad allegations of fraud in the Complaint—that Defendants were fraudulently assigned her mortgage and thus lacked legal capacity to sue—are conclusory, and without more, Plaintiff's has failed to meet her burden at the pleading stage to set forth the relevant factual details required of a fraud claim. *Malleus*, 641 F.3d at 563 (quoting *Twombly*, 550 U.S. at 570). More specifically, Plaintiff's Complaint fails to set forth details of the "particularity [of] the circumstances constituting fraud or mistake" that led to the fraudulent assignment of Plaintiff's mortgage to the Defendants. Fed. Rule Civ. Proc. 9(b). Consequently, Plaintiff has failed to state a fraud claim that is plausible on its face.

### D.  Plaintiff's TILA and RESPA Claims are Time Barred.

Plaintiff commenced the present action upon filing her Complaint with this Court on July 26, 2021. [Docket No. 1.] Defendants are correct that Plaintiff's TILA and RESPA claims are subject to a one-year statute of limitations period, with the exception of her recission claim, which is subject to a three-year statute of limitations period. [Defendants' Brief, at 15 (citing 15 U.S.C. § 1640(e); 12 U.S.C. § 2614).] Defendants are also correct that Plaintiff's underlying mortgage originated on June 19, 2006, and the foreclosure action in state court commenced against Plaintiff on August 27, 2014. [*Id.*] Thus, Plaintiff commenced this action more than fifteen years after the origination of her disputed mortgage and more than six years after the foreclosure action commenced in state court. Thus, the Court finds that Plaintiff's

15

TILA and RESPA claims are all further barred under the applicable statute of limitations.

## IV. Conclusion

The Court will dismiss Plaintiff's Complaint with prejudice. Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, New Jersey's entire controversy doctrine, and the related doctrines of issue and claim preclusion. Further, Plaintiff's generic fraud claims fail to meet the heightened pleading threshold for such claims under Rule 9(b), and Plaintiff's more specific claims arising pursuant to the authority of TILA and RESPA are time barred. For these reasons, Defendants' Motion to Dismiss the Complaint shall be granted [Docket No. 22], and as set forth above, Defendants' Motion to Strike Plaintiff's Sur-Reply Brief shall also be granted [Docket No. 29]. An accompanying Order as of today's date shall issue.

<u>August 22, 2022</u>                                                                   <u>s/Renée Marie Bumb</u>
Date                                                                                                  Renée Marie Bumb
                                                                                                          U.S. District Judge